# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SAMUEL KORNHAUSER,
    Plaintiff,

vs.                                     Case No. 1:17-cv-00719

NOTTING HILL, LLC,                 Judge Michael R. Barrett
    Defendant.

## ORDER

This matter is before the Court on the magistrate judge's May 14, 2018 Report and Recommendation ("Report") (Doc. 13) and Plaintiff's objections (Doc. 14) thereto.

The Magistrate Judge accurately summarized the factual and procedural background of this case, and the same will not be repeated here except as necessary to address Plaintiff's objections.

## I. STANDARD OF REVIEW

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

### A. First Objection

First, and foremost, Plaintiff argues that the magistrate judge erroneously dismissed this case on abstention grounds, because abstention was not raised by Defendants. (Doc. 14, PageID 88-89). Although Plaintiff is correct that Defendants did not expressly raise an abstention argument in their motion to dismiss, abstention need not be raised by either party. "Indeed, the Supreme Court has indicated that 'abstention may be raised by the court *sua sponte.*'" *Fed. Express Corp. v. Tenn. Pub. Serv. Com.*, 925 F.2d 962, 966 (6th Cir. 1991) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10, 96 S. Ct. 2857, 49 L. Ed. 2d 844 (1976)).

Second, Plaintiff offers the alternative argument that the magistrate judge improperly balanced the eight *Colorado River* factors courts must consider when deciding whether to abstain. (Doc. 14, PageID 89). "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Under "exceptional" circumstances, "a federal district court may abstain from exercising its subject matter jurisdiction due to the existence of a concurrent state court proceeding, based on 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 206 (6th Cir. 2001). "The Supreme Court has identified eight factors, four in [*Colorado River*], and four in subsequent decisions, that a district court must consider when deciding whether to abstain from exercising its jurisdiction due to the concurrent jurisdiction of a state court." *Id.* These factors are: "(1) whether the state court has

assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; . . . (4) the order in which jurisdiction was obtained[;] . . . (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction." *Id.* (*citing Romine v. Compuserve Corp.*, 160 F.3d 337, 340-41 (6th Cir. 1998)). "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 207 (*citing Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983)).

There is no dispute that the first two factors weigh in favor of this Court exercising jurisdiction. Both of these factors counsel against abstention because the state court has not assumed possession of any res and the federal forum is no less convenient than the state forum. *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998).

While the first two factors weigh against abstention, the remaining six factors strongly tilt the balance in favor of abstention. The third factor favors abstention because there is a strong potential for piecemeal litigation if this case proceeds in both state and federal courts. *Id.* ("Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results."). With the exception of a request for declaratory relief that could

3

have been raised in state court, Plaintiff's claims in the present action are identical to his counterclaims pending in state court.

As to the fourth factor, "priority [in obtaining jurisdiction] should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *PaineWebber*, 276 F.3d at 206 (citing *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21). Here, though, the temporal delay between the dates on which the state court and the federal court obtained jurisdiction over this matter is significant. Defendant Notting Hill, LLC filed its initial complaint against Plaintiff Kornhauser in state court in December 2016, and plaintiff filed this federal action more than ten months later. Little progress has occurred in either lawsuit due largely to Plaintiff Kornhauser's unsuccessful attempt to remove the state action to federal court in January 2017. Plaintiff argues that federal jurisdiction over this dispute has thus existed since January 2017, when plaintiff removed the state action here. The Court disagrees. When the removed state action was remanded to state court, the Court expressly found that it lacked subject matter jurisdiction; thus, this Court did not retain, nor did it ever have, jurisdiction over that matter. See *Notting Hill, LLC v. Kornhauser*. S.D. Ohio Case No. 17-cv-00016, *Decision and Entry . . . Remanding this Case to State Court*, Doc. 22 (Black, J.).[1] Therefore, the order in which jurisdiction was obtained weighs in favor of abstention.

---

[1] In finding diversity jurisdiction lacking, Judge Black: (1) rejected Kornhauser's argument that his counterclaims placed the amount in controversy at over $900,000, because Kornhauser's maximum possible recovery under the contract at issue was $25,000; and (2) that, even if Kornhauser's possible recovery were higher, it would make no difference because the value of counterclaims may not be included when calculating the amount in controversy for purposes of diversity jurisdiction. (*Id.* at 235). By filing those counterclaims as standalone claims in this action, Plaintiff is attempting to circumvent Judge Black's decision.

The fifth and sixth factors favor abstention because the claims at issue are governed by state law, and the state court action is adequate to protect Kornhauser's interests. The seventh factor to be considered, which is the relative progress of the state and federal cases, is of little consequence due to the delay caused by Plaintiff Kornhauser's attempted removal of the state action to federal court. Plaintiff argues that the present action is further along than the state action, essentially reasoning that this case picks up where the remanded case left off. (Doc. 14, PageID 91). This argument again fails to recognize that this Court did not retain jurisdiction (which never existed) when the previous action was remanded to state court.

Finally, the eighth factor—the presence of concurrent jurisdiction—favors abstention here because state law governs the parties' claims and there is no express preference under the applicable law for federal litigation. *PaineWebber,* 276 F.3d at 208 (citing *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 25, n. 32; *Romine*, 160 F.3d at 342). This factor weighs in favor of abstention.

Accordingly, Plaintiff's first objection is OVERRULED.

**B. Second Objection**

In lieu of dismissal, Plaintiff offers another alternative argument. Specifically, Plaintiff argues that this Court should stay this case until the state action is resolved. (Doc. 14, PageID 92). Plaintiff cites two cases to support this proposition. (*Id.*) (citing *Superior Beverage Co., Inc. v. Shieffelin & Co.*, 448 F.3d 910, 913 (6th Cir. 2006), and *Gray v. Bush*, 628 F.3d 779, 785 (6th Cir. 2010)). However, the foregoing cases are inapposite. They were decided based on the *Burford* abstention doctrine, rather than the *Colorado River* abstention doctrine. A federal court may choose to abstain under

5

*Burford* when exercise of jurisdiction by a federal court would disrupt a state administrative process. *Superior Beverage*, 448 F.3d at 915. The *Burford* abstention doctrine is thus inapplicable to this case. Plaintiff's claims are governed by Ohio law and state court can adequately adjudicate all issues. Thus, Plaintiff's second objection is OVERRULED.

## IV. CONCLUSION

The Court finds the Report (Doc. 13) to be thorough, well reasoned, and correct. The Report is **ADOPTED** in its entirety, and Plaintiff's Objection (Doc. 14) is **OVERRULED**. Defendant's motion to dismiss (Doc. 4) is thus **GRANTED** under Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED.**

                                                                   s/*Michael R. Barrett*
                                                              **United States District Judge**